[909 NE2d 83, 881 NYS2d 390]

In the Matter of RSM WEST LAKE ROAD LLC et al., Respondents, v TOWN OF CANANDAIGUA ZONING BOARD OF APPEALS et al., Respondents, and EAST SHORE ASSOCIATION OF CANANDAIGUA LAKE, INC., et al., Appellants.

Decided May 12, 2009

844

■■■■■■■

## APPEARANCES OF COUNSEL

*Brenna, Brenna & Boyce, PLLC*, Rochester (*Sheldon W. Boyce* of counsel), for East Shore Association of Canandaigua Lake, Inc. and another, appellants.

*Hiscock & Barclay LLP*, Rochester (*Thomas F. Walsh* of counsel), for RSM West Lake Road, LLC and others, respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

■■■■ Appellants East Shore Association of Canandaigua Lake, Inc. and Canandaigua Lake Watershed Alliance, Inc. had standing to appeal to the Town of Canandaigua Zoning Board of Appeals (ZBA) from the zoning officer's determinations that the clubhouse is a private water oriented recreational facility within the meaning of the Town of Canandaigua Zoning Law (Zoning Law) and that the docks, moorings and boat slips are regulated by the "all other land uses" category of the Canandaigua Lake Uniform Docking and Mooring Law (UDML) (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 412-414 [1987]; Town Law § 267-a [4]; UDML 44-10 [A]). Moreover, the ZBA had jurisdiction to review the zoning officer's determinations interpreting the UDML, which was adopted pursuant to article 16 of the Town Law, as authorized by Navigation Law § 46-a (4) (a) (*see* Town Law § 267-a [4]). However, the ZBA's determinations as to the clubhouse under the Zoning Law and the docks, moorings and boat slips under the UDML were arbitrary and capricious. Finally, any issue as to whether the proposed sundeck is a dock within the meaning of the UDML has become moot inasmuch as the sundeck was removed from the overall project subsequent to the Appellate Division's determination.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.